UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| WILLIAM MCDOW, | Docket No. |
| Plaintiff, | |
| -against- | **COMPLAINT AND JURY DEMAND** |
| PAROLE OFFICER MARCIAL ROSADO, Shield #1030 | |
| Defendant. | |

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an October 7, 2003 incident in which an Officer of the New York State Division of Parole ("DOP"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, assault, battery, and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

**PARTIES**

7. Plaintiff is a citizen of the United States and at all times here relevant resided in the County of New York, City and State of New York.

8. Defendant is a Parole Officer for the DOP, and is sued in his individual capacity.

9. At all times here mentioned defendant was acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

**FACTUAL ALLEGATIONS**

10. On October 7, 2003 at approximately 10:50 a.m., plaintiff was at 119 West 31st Street, New York, NY, when he was assaulted by defendant, causing him to suffer injuries.

11. Defendant unlawfully and wrongfully arrested and then maliciously prosecuted plaintiff by causing a false accusatory instrument to be filed against him.

12. During all of the events above described, defendant acted maliciously and with intent to injure plaintiff.

13. As a direct and proximate result of the acts of defendant, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his New York State constitutional rights under Article 1,

Section 12 to be free from an unreasonable search and seizure;

    c.    Violation of his right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

    d.    Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e.    Physical pain and suffering;

    f.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, financial loss;

    g.    Loss of liberty;

    h.    Attorney's and court fees.

## FIRST CAUSE OF ACTION
### (ASSAULT)

14.    Paragraphs one through 13 are here incorporated by reference.

15.    Upon approaching plaintiff, and arresting him, defendant made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

16.    Defendant has deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

17.    Plaintiff was damaged by defendant's assault in the amount of Three Hundred Thousand ($300,000.00) Dollars.

## SECOND CAUSE OF ACTION
### (BATTERY)

18.    Paragraphs one through 17 are here incorporated by reference.

19. Defendant engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

20. Defendant used excessive and unnecessary force with plaintiff.

21. Defendant has deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

22. Plaintiff was damaged by the battery of the defendant in the amount of Three Hundred Thousand ($300,000.00) Dollars.

### THIRD CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

23. Paragraphs one through 22 are here incorporated by reference.

24. Defendant subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

25. Defendant has deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

26. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Three Hundred Thousand ($300,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

27. Paragraphs one through 26 are here incorporated by reference.

28. Defendant began and continued a criminal prosecution against plaintiff

29. The criminal proceedings were terminated favorably to plaintiff.

30. There was no probable cause for the prosecution.

31. Defendant acted with malice.

32. Defendant has deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

33. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged in the sum of Three Hundred Thousand ($300,000) Dollars.

### FIFTH CAUSE OF ACTION
(42 USC § 1983)

34. Paragraphs one through 33 are here incorporated by reference.

35. Defendant has deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983 and the New York State Constitution.

36. Defendant's conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendant's conduct also deprived plaintiff of his right to due process of law, pursuant to the 14th Amendment of the United States Constitution.

37. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Three Hundred Thousand ($300,000.00) dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in the amount of Three Hundred Thousand ($300,000.00) dollars for each of plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of Three Hundred Thousand ($300,000.00) dollars for each of plaintiff's Causes of Action;

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
              November 11, 2005

TO:

Parole Officer Marcial Rosado,
Shield #1030
Office of Professional
Responsibility, Queens Division
92-36 Merrick Blvd.
Jamaica NY 11433

Yours, etc.,

Stoll & Glickman LLP
By: LEO GLICKMAN, ESQ.
Bar #LG3644
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-0507
lglickman@earthlink.net