UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

WILLIAM MC DOW,

                                 Plaintiff,

-against-

MARCIAL ROSADO

                                 Defendant.

-------------------------------------------------------------------- x

Docket #
05-CV-9787 (RJH)(AJP)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND POST-JUDGMENT INTEREST**

ECF CASE

## INTRODUCTION

Plaintiff William Mc Dow, by his attorneys, Leo Glickman and Nicole Bellina, respectfully submits this memorandum of law in support of his application for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d). Plaintiff's application for fees includes all work on this matter up to and including the date of the filing of this brief, including work on the instant fee petition. It does not include any further work which may be necessary on this motion (such as Reply to defendant's Opposition), nor work to be performed by counsel on any post-trial motions by defendants or on any appeal. If appropriate, at a later date this application will be supplemented to include all work done on those matters.

## PRELIMINARY STATEMENT

Plaintiff William Mc Dow sued Parole Officer Marcial Rosado claiming that he violated his civil rights under 42 U.S.C. § 1983. Mr. Mc Dow alleged that he was falsely stopped and detained, falsely arrested, maliciously prosecuted and subjected to excessive force when he was first approached by defendant and pepper sprayed. Defendant claimed

that he only used pepper spray on plaintiff after plaintiff punched him. Defendant filed a dispositive motion for Summary Judgment. Plaintiff prevailed on his false stop and detention claim, his false arrest claim for the first part of the incident, and his excessive force claim. His claim for false arrest for the latter part of the incident and his malicious prosecution claim were dismissed.

The case was tried before a jury. On October 16, 2008, the jury rendered a verdict in favor of plaintiff on all his surviving claims. The jury awarded compensatory damages of $10,000. Defendant made an application to the court to not enter judgment for ten days, so settlement could be explored. Plaintiff received no offer from defendants, and we asked the court to enter judgment.

## STATEMENT OF RELEVANT FACTS

Most of the work from the pleading stage through discovery and motion practice was done by Leo Glickman, Esq. Defendant's responses to plaintiff's discovery demands were incomplete and imprecise, necessitating hours of additional work. They contained objections that plaintiff had to respond to in writing in order to obtain relevant documents. Even more time consuming, the defendant's written response to plaintiff's demands at times referred to hundreds of pages of documentation when the document itself was just a page or two. In one instance, defendants stated that they produced a responsive document, referring plaintiff to 492 of produced documents, only to find that those pages did not contain the requested document and in fact had not been produced. On numerous occasions, plaintiff was forced to page through hundreds of pages because of defendant's failure to specify bates stamp numbers. I have attached a letter written by

the undersigned as an example of our discovery issues. Exhibit I. The document stage of discovery was unfortunately a time consuming process.

Depositions were taken on November 6 and 8, 2006. The two parties and a witness, Neville Bood, were deposed. In addition, the parties discussed settlement. Plaintiff made a demand, but defendant asked us to include the demand in a formal settlement proposal. In the meantime, defendants asked for a settlement conference. Our associate attorney at the time drafted the settlement letter, and it was sent to defendant's counsel. Some weeks later defendant told us our demand was too high (it was the same demand that we relayed verbally), and canceled the scheduled settlement conference. Again, defendant's conduct forced us to spend more time than was necessary on settlement negotiations when it appeared that they had no intention of trying to settle (indeed, they never made an offer).

Defendant filed a summary judgment motion. Besides being difficult to ascertain which arguments substantiated which of the claims they were seeking dismissal of, it would unnecessarily cite to dozens of pages of testimony to support one particular assertion in his Rule 56.1 Statement and memorandum of law. And even then, on numerous occasions the cited pages did not include what the Rule 56.1 Statement of memorandum of law said it included. This made it an extremely time intensive motion to respond to. Defendant's reply brief was much clearer, but it introduced new arguments so we were forced to file a necessary sur-reply. The parties were required to orally argue the motion.

Thereafter, the parties submitted *in limine* motions, and other normal pre-trial documents. Immediately before trial, two further depositions were taken. The trial lasted three days, resulting in a verdict and award of damages for plaintiff.

## THE INSTANT FEE REQUEST

Plaintiff seeks a total of $88,562.50 for his reasonable attorneys' fees and $3,328.67 costs, totaling $91891.17. Plaintiff seeks fees for the work of Leo Glickman, Esq. and Nicole Bellina, Esq. at the rate of $350 per hour for 204.8 and 45.1 hours of work respectively. Plaintiff also seeks fees for 3.7 hours of work by associate attorney Corey Walker who was employed in Mr. Glickman and Ms. Bellina's firm at the rate of $100 per hour. In addition, plaintiff seeks fees for 9.7 hours of paralegal time at a rate of $75 per hour. Finally, plaintiff seeks $3,328.67 in costs.

## ARGUMENT

### A. Plaintiff was a "prevailing party"

In order to recover attorneys' fees under 42 USC §1988, plaintiff must be a "prevailing party" in the litigation. Section 1988 provides in relevant part:

> In any action or proceeding to enforce a provision of section 1983 of this title... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...

42 U.S.C. §1988

The prevailing party should ordinarily be awarded reasonable attorneys' fees unless "special circumstances" exist. Hensley v. Eckerhart 461 U.S. 424, 434-435 (1983). There is a strong presumption that the product of the amount of hours spent on

the case and the hourly fee is the reasonable attorneys' fee. Grant v. Martinez, 973 F.2d 96, 101-02 (2d Cir.1992)

Clearly, the plaintiff was the prevailing party in this litigation. He was awarded $10,000 for the violation of his civil rights. Even a modest award of damages in an excessive force case against police officers confers an "overall benefit to society," because "an individual damage action to redress instances of police misconduct is often the only tool reasonably available to vindicate society's interest in ensuring that those who enforce the law also abide by it." Milwe v. Cavuoto, 653 F.2d 80, 84 (2d Cir.1981).

This court found that an award of $2501 should not result in a reduction in reasonable attorneys' fees because it was far from *de minimis*. It found it further persuasive that there was nothing in the record to suggest that plaintiff had ever rejected a settlement offer greatly in excess of the jury award. Anderson v. City of New York 132 F.Supp.2d 239 (S.D.N.Y., J. Stein 2001). In Kasim v. City of Schenectady, plaintiff was awarded $2500 and claimed $65,400 in attorneys' fees, the second circuit stated that the court can not reduce attorneys' fees based on such a claimed "disproportionality." Kasim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005). Here, defendants took a "no-pay" position to the very end, and plaintiff succeeded at trial in obtaining significant compensatory damages. We therefore respectfully submit that there is no reason to reduce the presumptively reasonable fee.

## B. Calculating the Presumptively Reasonable Fee

The 2nd Circuit recently abandoned the confusion of the "lodestar" approach to determining a reasonable fee. Arbor Hill v. County of Albany, 493 F.3d 110 (2d Cir. 2007). Although some of the general principles of that approach still play a part, district

courts are now advised to simply set a reasonable hourly rate based on what a paying client would be willing to pay multiplied by the number of hours. Id. at 117. Rather than following a two step process in determining a lodestar figure and then making adjustments, courts are now directed to simply determine a reasonable fee based on that consideration. Courts can begin the analysis by considering the attorney's actual customary rate. Stoll, Glickman & Bellina, LLP current bill at a rate of $350 as is reflected in their 2007 retainer agreements. At the time Mr. Torres retained Stoll, Glickman & Bellina, LLP, the firm billed at $300 per hour. "Executed Retainer Agreement", attached here as Exhibit H.

Plaintiff is entitled to reasonable hourly rates that fall within the prevailing marketplace rates "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896, n.11 (1984)). The relevant community for a fee determination is the judicial district in which the trial court sits -- here, the Southern District of New York. See Polk v. N.Y. State Dept. of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983). In addition to looking at prevailing marketplace rates, the Court may rely on its own knowledge of comparable rates charged by lawyers in the district. Blum v. Stenson, supra at 896.

## C. The Appropriate Hourly Rate

A reasonable hourly rate is one "in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation."[1] Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); See Skold v. American Int'l Group, Inc., 1999 WL 405539 S.D.N.Y., aff'd, 205 F.3d 1324 (2d Cir. 2000).

---

[1] There is no justification for lowering the hourly rate for members of small firms. Tirado v. Erosa, 1997 U.S. Dist. LEXIS 2753, **16-17 (S.D.N.Y. 1997).

"While customary rates are relevant, they must be measured against the prevalent market rate in the district in which the court sits." McGrath v. Toys "R" Us, supra at 11-12.

Several courts in the Southern District, even as far back as 1998, have awarded attorneys' fees for experienced litigators in the range of $350-$375 per hour. M.L. v. Board of Education of the City of NY, 2003 WL 1057476 (S.D.N.Y. 2003)(finding hourly rate of $350 to $375 reasonable); Mr. X v. New York State Education Department, 20 F.Supp.2d 561 (S.D.N.Y. 1998)(finding hourly rate between $350 and $375 reasonable); E-Lead Electronic Co., LTD v. Technozone Enterprises, LLC, 2004 WL 2186539(S.D.N.Y. 2004); Gonzalez v. Bratton, 147 F.Supp.2d 180(S.D.N.Y. 2001)(awarding up to $390 for the most senior attorney and $180 to $200 for the most junior); Maddalone v. United Brothers of Carpenters, 1999 WL 269913 S.D.N.Y.(finding $340 hourly rate reasonable). In Raniola, the court upheld an hourly rate beginning at $400 for the partner and $200 per hour for the associate who recently graduated from law school. Raniola v. Bratton, 2003 WL 1907865 (S.D.N.Y. 2003).

"In addition to market rates generally, the Court must consider an attorney's 'skill, experience, and reputation' in determining a reasonable hourly rate." McGrath v. Toys "R" Us, supra at 13. Experience in general litigation, even if not specific to the underlying cause of action, is the determinative factor in assessing the reasonableness of attorney's fees. M.L. v. Board of Education, supra (citing Mr. X, 20 F.Supp.2d at 564). In M.L., the court refused to lower hourly rates simply because of an otherwise accomplished attorney's limited experience in the particular area of the underlying claim. Id.

Here, plaintiff seeks an hourly rate of $350 for his lead attorneys and $100 for the associate. As shown above, this is the prevalent market rate for experienced civil rights attorneys in this District. Moreover, Nicole Bellina has been granted $350 per hour attorneys' fees by this court. See Torres v. City of New York, 2008 WL 419306, (S.D.N.Y., J. Lynch 2008). Counsel possesses unique qualifications. Nicole Bellina, a partner at Stoll, Glickman & Bellina, LLP: (1) has tried over twenty criminal cases to verdict in both state and federal court, (2) has handled more than fifty civil rights case from inception to conclusion including a trial before the Honorable Judge Scheindlin, (3) has argued appeals before the United States Court of Appeals for the Second Circuit and the New York State Appellate Divisions, and (4) was a senior staff attorney with the Legal Aid Society's Criminal Defense Division where she handled hundreds of cases in Brooklyn Supreme Court. Exhibit C.

Similarly, Mr. Glickman possesses unique qualifications. He is a founding member of Stoll, Glickman & Bellina, LLP, a firm that handles exclusively law enforcement misconduct, criminal defense, and matters incidental to running for and holding public office. Since forming the firm in 2003, Mr. Glickman has handled more than 100 law enforcement misconduct cases from inception to conclusion. Exhibit B.

Plaintiff also requests that Corey Walker, a former associate with Stoll, Glickman & Bellina, LLP, receive $100 per hour for her assistance with the litigation. See id.

### D. The number of hours worked.

Leo Glickman, Esq. worked 204.8 hours, Nicole Bellina, Esq. worked 45.1 hours, Corey Walker worked 3.7 hours, and Nicole Sherrod worked 9.7 hours on this matter. Plaintiff prevailed on most of his claims. Where successful and unsuccessful claims are

inextricably intertwined and they involve common core of facts and related legal theories, the presumptive reasonable attorneys' fees should not be reduced because of the unsuccessful claims. Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1183 (2d Cir. 1996). Only in the case where distinct, non-unitary claims are made, and plaintiff fails in those claims should the total number of hours be reduced. In Reed, plaintiff brought a suit claiming she was fired from her job in retaliation for complaining about a co-worker making vulgar statements to her and for sex discrimination. Id. She did not prevail on the sex discrimination claim. Id. The court held that the district court's finding that there were common core of facts and related legal theories precluding a reduction of total hours was proper. Id.

Plaintiff prevailed on each cause of action at trial, and was awarded damages as a result. His claims for damages in the JPTO were connected to his initial detention and arrest, and the damages that flowed from being subjected to pepper spray. All the testimony elicited and evidence introduced was connected to the claims he prevailed on and the damages that flowed therefrom. Since each plaintiff prevailed on each claim at trial, clearly there is no severable claim that can result in reduced attorneys' fees after the court ruled on its summary judgment motion.

Defendant's summary judgment motion was granted dismissing Plaintiff's malicious prosecution claim. The malicious prosecution claim springs from a common core of fact and related legal theories. Whether plaintiff was inside the building lawfully and whether plaintiff attempted to assault defendant prior to or subsequent to defendant pepper spraying him were germane to plaintiff's excessive force, false arrest and malicious prosecution claims. The legal elements required for a false arrest and

malicious prosecution claims are also similar, each requiring, for example, that plaintiff had prevailed in his criminal prosecution. Heck v. Humphrey 512 U.S. 477 (1994). We therefore respectfully submit that the claims herein are so intertwined and non-severable that there should be no reduction for plaintiff not prevailing on his malicious prosecution claim.

However, even if the court finds it severable, very few hours can be attributed to pursuing and defending plaintiff's malicious prosecution claim. Three pages of plaintiff's 21 page memorandum of law in opposition to defendant's summary judgment motion is devoted to plaintiff's malicious prosecution claim, and none in his sur-reply. Since the malicious prosecution claim represented 14% of plaintiff's defense of defendant's summary judgment motion, if the court finds that it is severable plaintiff concedes a reduction of a like percentage of time spent on the motion for summary judgment, amounting to a reduction of 5.5 hours for Leo Glickman, and 0.1 hours for Nicole Sherrod.

Finally, the malicious prosecution claim did not involve any additional discovery beyond the other claims. A false arrest claim can not survive without a favorable result for plaintiff in any prosecution. In addition, his excessive force claim hinged on whether the jury believed plaintiff attempted to assault defendant before he was pepper sprayed. The documents and testimony relevant to the criminal prosecution were necessary to establish plaintiff's false arrest claim and were relevant to the issue of who initiated the assaultive contact.

Plaintiff respectfully submits that all of his claims are inextricably intertwined, however, if the court finds his malicious prosecution claim severable, we submit that it can only result in the small reductions stated above.

### E. Contemporaneous Time Records

Plaintiff is required to keep detailed contemporaneous records to support an application for fees. "Plaintiff's counsel is required to produce detailed contemporaneous records of the hours they billed on plaintiff's behalf ... but not to 'record in great detail how each minute of [their] time was expended'." Skold v. American Intern Group, 1999 WL 672546 S.D.N.Y.(citing Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983)).

Plaintiff has maintained these records with sufficient detail to allow a court to determine the reasonableness of the time expended. Each entry identifies the amount of time spent on each task and who performed the work.

### CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court award him $88,562.50 in attorney and assistant fees and $3,328.67 in costs. The total amount sought is $91891.17.

Dated: Brooklyn, New York
February 2, 2009

Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
71 Nevins St.
Brooklyn, NY 11217

By: /s/ Leo G.
Leo Glickman, Esq.

# EXHIBITS

| EXHIBIT | DESCRIPTION | #PAGES |
|---|---|---|
| Exhibit A | Final Judgment | 1 |
| Exhibit B | Declaration of Leo Glickman, Esq. | 3 |
| Exhibit C | Declaration of Nicole Bellina, Esq. | 2 |
| Exhibit D | Contemporaneous Time Sheets of Leo Glickman | 9 |
| Exhibit E | Contemporaneous Time Sheets of Nicole Bellina | 2 |
| Exhibit F | Contemporaneous Time Sheets of Corey Walker | 1 |
| Exhibit G | Contemporaneous Time Sheets of Nicole Sherrod | 1 |
| Exhibit H | Contingency Retainer Agreement | 2 |
| Exhibit I | Letter to Efthimios Parisidis dated August 24, 2006 | 2 |
| Exhibit J | Expense Receipts | 17 |