UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

WILLIAM MC DOW,

                       Plaintiff,

      -against-

MARCIAL ROSADO

                       Defendant.

------------------------------------------------------------- x

Docket #
05-CV-9787 (RJH)(AJP)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND THE JUDGMENT**

ECF CASE

In a suit to enforce a federal right, the decision to award pre-judgment interest is left in the sound discretion of the Court. Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1071-72 (2d Cir.1995).

When determining whether a party is entitled to such interest, the court should take into consideration "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." Securities & Exchange Commission v. First Jersey Securities, Inc., 101 F.3d 1450, 1476 (2d Cir.1996).

The jury determined that defendant Marcial Rosado wrongfully subjected plaintiff William Mc Dow to false arrest and excessive force on October 7, 2003. The verdict sheet, attached with this letter, asks "What damages, if any, did William McDow suffer as a result of defendant's violation(s) of § 1983." The query clearly implies that damages should be assessed at the time they occurred. Under the first factor, plaintiff will only be fully compensated for defendant's wrong by adding pre-judgment interest.

1

Similarly, fairness would dictate that plaintiff be made whole for the damages he suffered because of defendant's wrongful conduct. The defendant, has had the benefit of the money for the last 5 years when he caused the damage to plaintiff. Whether it is the defendant himself or the State of New York who pays the award, denying either of them the benefit of the money since the date of the incident is neither inequitable nor unfair. The court simply awarded plaintiff an amount for the benefit defendants have received from retaining the money since the incident and for the loss to plaintiff for not having it all of this time. Consideration of the second factor also favors awarding pre-judgment interest.

The remedial purpose of § 1983 is to deter public officials from violating citizens' federal rights and to compensate victims of such official wrongdoing." Weaver v. Brenner, 40 F.3d 527, 532 (2d Cir.1994). Awarding pre-judgment interest serves both purposes of the statute. The jury determined that he suffered actual damages of $10,000 when he was assaulted by defendant. Plaintiff has not had the benefit of the award for 5 years now, and we submit to compensate him fully pursuant to the statute, pre-judgment interest should be paid. Similarly, for the full deterrence value of the statute to be accomplished, defendant can not be allowed to enjoy the benefit of the $10,000 that has been in his possession since he caused the damages to plaintiff. Not awarding pre-judgment interest will undermine both remedial purposes of § 1983.

Finally, C.P.L.R. § 5002 does not govern any matter pertaining to pre-judgment interest in this case. The trial resolved federal questions exclusively. When the court has federal question jurisdiction, awarding pre-judgment interest is in the sound discretion of

the trial court. Endico Potatoes, at 1071. We therefore respectfully submit that plaintiff is entitled to pre-judgment interest starting from the date of the incident.

Dated:   Brooklyn, New York
February 12, 2009

                                  Stoll, Glickman & Bellina, LLP
                                  Attorneys for Plaintiff
                                  71 Nevins St.
                                  Brooklyn, NY 11217

                                  By: _____
                                  Leo Glickman, Esq.